Hatch, J.
The contract which furnishes the basis of this action is crudely drawn, yet. enough appears to enable the court to arrive at'the intent and meaning of the parties In and by the contract it is provided that the plaintiff shall, for twenty days, have the exclusive right to effect a sale of defendant’s farm. In the event of securing a valid, binding contract of purchase plaintiff became entitled to receive the sum of $1,000. The conditions of such sale were the payment of $2,000, $1,000 to be paid at time of execution of contract; the payment of two mortgages, one held by the Buffalo Savings Bank for $5,000, the other held by Mr. *333 Williams for $2,500, the balance payable in cash April 1, 1887. This contract bears date July 31, 1886; was executed by defendant, who clearly understood its terms. Plaintiff at once commenced search for a purchaser, and found one in the person of F. C. Longmaker, who executed a valid, binding contract of purchase bearing date on the 18th day •of August, 1886, but nineteen days had elapsed, including the days of execution of each contract.
The contract of purchase describes the land as containing eighty-six and one-half acres upon which defendant then resided, lying partly in Buffalo and partly in the town of Tonawanda, then bounds it upon three sides, and concludes by stating that it was “formerly known as the Van Allen farm.” The quoted clause is a variance from the defendant’s contract, where it is designated as the “Owen’s place,” but this is immaterial, as the description is sufficient to enable the land to be located, and is not void for uncertainty. The purchase-price is stated as being $20,000, $1,000 in cash, and the balance, $19,000, by assuming a mortgage to the Erie County Savings Bank for $5,000; also a mortgage held by Mr. Williams for $2,500, and $11,500 to be paid in cash April 1, 1887. It is claimed that there is a material variance between the two contracts in two particulars:
First. That there was no mortgage held by the Erie County Savings Bank for $5,000, or any other sum which was a hen upon said premises; and,
Second, That the agreement contemplates a payment of the mortgages, while the contract only provides for assuming them, in which event the defendant would still be liable upon his bond which accompanied the mortgages, while under his contract he was entitled to an absolute discharge. These objections must fail. The first, for the reason that the contract of purchase provides that the purchaser will assume a $5,000 mortgage; there was but one mortgage for that amount a lien upon the premises. The only mistake is in naming the holder, but there can be no doubt but that under the contract to assume, a court would decree that the purchaser had assumed the payment of a mortgage for that amount to the true holder. The material thing which the purchaser agreed to do was to assume a mortgage resting upon the premises of $5,000; this the contract clearly provides for. As to the second objection, the language is, ‘ ‘ by assuming a mortgage.” Assume to do what? It can only be construed to mean that the purchaser assumes the payment of the mortgages. If the mortgages were due, then the affect of the agreement is to pay them at once, as there is no limitation in the contract of purchase as to when he will pay._ The construction which must be placed upon that clause in the contract is, that the purchaser assumes to *334 pay the mortgages in accordance with their terms; if the whole amount is due, then the liability of the purchaser is fixed to pay them at once; if not due, the holder is not bound to accept the money unless he so wills, either from the defendant or any one else. The purchaser is bound to pay in accordance with their terms. This is the extent to which defendant could ask, and to that extent the contract goes.
The contract of purchase is in substantial compliance with defendant’s agreement. The plaintiff performed all the conditions required by the contract, and by reason thereof becomes entitled to recover of the defendant the $1,000 stipulated to be paid.